```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| JAMES V. HEINEN, | ) |
| | ) |
|       Movant, | ) |
| | ) |
|   v. | )  No. 4:06CV1008(RWS) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon James V. Heinen's "Petition for Redress of Grievance." [Doc. #1].  The Court, however, will take no action on the petition at this time, because it will give petitioner the option to either withdraw it or consent to it being reclassified as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### The petition

In 2004, Heinen pleaded guilty to unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o) and was sentenced to thirty-six months imprisonment and two years of supervised release.  <u>United States v. Heinen</u>, No. 4:03-CR-657-RWS.  Heinen challenges his conviction and sentence.

### Discussion

Because Heinen brings this action as a "Petition for Redress of Grievance", the Court is unsure whether Heinen intended to file this matter as a motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255.[1]

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive Heinen of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassifies the instant action under § 2255, petitioner's subsequent filing of a § 2255 petition could be dismissed as second or successive. See Castro v. United States, 124 S. Ct. 786 (2003). Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer Heinen an opportunity either to withdraw the petition, or to consent to the Court's reclassification of the petition as one brought under 28 U.S.C. § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Heinen shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant petition or to consent to the Court's reclassification of the petition as a motion to vacate, set aside

---

[1] The Court notes that, for administrative purposes only, the Clerk of Court filed this action as one brought under 28 U.S.C. § 2255.

2

or correct sentence under 28 U.S.C. § 2255. Heinen shall advise the Court of his choice, in writing. If Heinen fails to respond in a timely manner, the Court will reclassify the instant action as a 28 U.S.C. § 2255 motion.

**IT IS FURTHER ORDERED** that, upon receipt of Heinen's written response to this Order, this case shall be resubmitted to the Court for appropriate action.

Dated this 10th day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE