**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES V. HEINEN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:06CV1008(RWS) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. Movant James V. Heinen brought this action as a "Petition for Redress of Grievance" [Doc. #1].[1]

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive movant of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassified the instant action under § 2255, movant's subsequent filing of a § 2255 petition could be dismissed as second or successive. See Castro v. United States,

---

[1]The Court notes that, for administrative purposes only, the Clerk of Court filed this action as one brought under 28 U.S.C. § 2255.

124 S. Ct. 786 (2003). Consequently, on October 10, 2006, the Court issued an order granting movant an opportunity either to withdraw the petition, or to consent to the Court's reclassification of the petition as one brought under 28 U.S.C. § 2255 (the "October Order").

The Court's records indicate that the October Order was returned as undeliverable mail. Therefore, movant did not receive actual notice of the Court's intended reclassification.[2]

Regardless, Local Rule 2.06(B) requires every pro se party to promptly notify the Clerk (and all other parties) of any change in address. Local Rule 2.06(B) further provides that "[i]f any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice." More than thirty days have passed since the October Order was returned and movant has not informed the Court as to his new address.

In accordance with the foregoing,

---

[2]A quick check with the Bureau of Prison's inmate locator service indicates that movant was released from custody in September 2006.

**IT IS HEREBY ORDERED** that the "Petition for Redress of Grievance" [Doc. #1] is **DISMISSED,** without prejudice, for failing to comply with Local Rule 2.06(B).

Dated this 25th day of January, 2007.

_____
**UNITED STATES DISTRICT JUDGE**